(No. 4408— )

ADA DOUGHERTY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1951.*

MAURICE W. KEPNER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, Ada Dougherty, was on May 12, 1950 employed by the respondent in the Department of Public Welfare, at the Illinois State Training School for Boys, St. Charles, Illinois. On May 12, 1950 the claimant, in the course of her employment by the respondent, caught her foot in the loop of a laundry bag, and fell to the floor of the laundry. As a result of the fall, her right wrist was broken. Fluoroscopic examination of her right wrist showed a transverse fracture of the distal end of the radius.

Claimant was treated by Drs. Francisco Diaz and Lyman Smith at the request of respondent. On March 21, 1951 Dr. Smith filed a report with the respondent, and a copy of same is made a part of the record in this case, and marked claimant's exhibit No. 3. In his report, Dr. Smith stated:

"Mrs. Dougherty was last seen by me on August 31, 1950. At that time, examination of the right wrist revealed a slight degree of radial deviation, extension of ten degrees, flexion of thirty degrees, five degrees of supination, and pronation was complete. There was some slight stiffness of the fingers. The index finger in particular reached to within one-half inch of the palm on closing. This result was considered satisfactory considering the severity of her original wrist fracture.

She first had been seen by me on May 16, 1950 at Elgin State Hospital, at which time the wrist was manipulated and a cast applied. This cast was removed on June 24, 1950, and a posterior mold was used for a night splint following that."

On August 8, 1950, Dr. Smith stated she would be able to do light work.

Dr. H. G. Woody examined the claimant on May 18, 1951. His report of this examination, made a part of the record by stipulation, showed the claimant to have a partial permanent disability resulting from a muscle pull caused by a deformity and ununited fracture.

From the medical reports filed herein, the testimony given at the hearing, and also from the Commissioner's examination of the claimant's right wrist and arm, we feel that claimant has suffered a 25% permanent loss of use of her right arm as a result of the accident.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

The record consists of the complaint, Departmental Report, transcript of evidence, reporter's bill, claimant's exhibits Nos. 1 - 4, inclusive, stipulation waiving briefs of both parties, motion of claimant for leave to waive filing of abstract of evidence, and stipulation.

. On the date of the accident, claimant was 70 years of age, and had no children under 18 years of age dependent upon her for support. Her annual earnings for the year preceding the accident were $1,972.90. Claimant has suffered temporary total disability from May 12, 1950 to August 31, 1950, or 15 6/7 weeks. Claimant's compensation rate would be the maximum of $15.00 per week. The injury having occurred subsequent to July 1, 1949, this must be increased 50%, making a compensation rate of $22.50.

For 25% permanent loss of use of her right arm

under Section 8, Paragraph (e) (13), claimant is entitled to receive from the respondent $22.50 per week for 56¼ weeks, or the sum of $1,265.63, and for temporary total disability 15 6/7 weeks at·$22.50 per week, or a sum of $356.76, making a total amount due of $1,622.39. From this must be deducted the sum of $758.23 received by claimant for non-productive time.

An award is, therefore, entered in favor of claimant, Ada Dougherty, in the amount of $864.16, all of which has accrued, and is payable forthwith.

Harry L. Livingstone was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $52.60 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Harry L. Livingstone, in the sum of $52.60, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".